***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On the date of injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. Zurich North America was the compensation carrier on the risk.
6. All of Plaintiff's medical records will be submitted as a Stipulated Exhibit.
7. All Industrial Commission forms and filings will be submitted as a Stipulated Exhibit.
8. Plaintiff's average weekly wage is $867.49, yielding a maximum compensation rate for 1996, of $492.00.
9. Plaintiff's date of injury is February 6, 1996.
 ***********
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter was originally reviewed by the Full Commission on July 31, 2001, upon the appeal of Plaintiff from an Opinion and Award filed on January 22, 2000, by Deputy Commissioner Chrystal Redding Stanback. At the time of the hearing before Deputy Commissioner Stanback, Plaintiff was receiving temporary total disability benefits. *Page 3 
2. The Full Commission filed its original Opinion and Award in this case on November 15, 2001. The Full Commission found that on February 6, 1996, Plaintiff sustained an admittedly compensable injury by accident in the course and scope of his employment with Defendant-Employer when he was involved in an accident while driving an eighteen-wheeler tractor-trailer in snow and icy conditions in Tennessee.
3. The Full Commission found that the record in this matter lacked sufficient evidence to establish that Plaintiff's depression was related to the February 6, 1996 injury. The Full Commission concluded that Plaintiff had failed to prove by the greater weight a causal relationship between Plaintiff's depression and his compensable back injury, and consequently, Plaintiff was not entitled to payment by Defendants for treatment of this condition.
4. The Full Commission found that Plaintiff had filed a motion requesting a change of treating physician to Dr. Derian, Plaintiff sought the request for approval within a reasonable time and the treatment proposed by Dr. Derian was required to effect a cure or give relief of Plaintiff's symptoms. The Full Commission concluded that Plaintiff sought approval of Dr. T. Craig Derian as his treating physician and authorization of recommended treatment within a reasonable time. Further, the Full Commission in its award ordered that Dr. T. Craig Derian was approved as Plaintiff's treating physician and that Defendants shall pay all reasonably necessary medical expenses, including expenses for the recommended surgery, for Dr. Derian's treatment related to Plaintiff's February 6, 1996 injury for so long as such treatment tends to effect a cure, provide relief or lessen the period of Plaintiff's disability.
5. In addition, Plaintiff had requested approval of Dr. Thomas English and Dr. Wayne Harper as additional treating physicians. The Full Commission concluded that insufficient evidence exists *Page 4 
in the record to approve Dr. Thomas English or Dr. Wayne Harper as additional treating physicians for Plaintiff. In the third paragraph of its award, the Full Commission ordered that the motion to allow Dr. Thomas English and Dr. Wayne Harper as additional treating physicians for Plaintiff was denied.
6. Neither party appealed the November 15, 2001 Opinion and Award of the Full Commission.
7. Currently, Plaintiff is receiving ongoing total disability benefits.
8. On May 23, 2003, Plaintiff filed a Form 18M employee's application for additional medical compensation for psychological evaluation and care, as well as other medical compensation. On June 24, 2003, Defendants responded in opposition to *Page 5 
Plaintiff's 2003 Form 18M on the grounds that, among others, Defendants paid and continued to pay for all medical treatment allowed in the 2001 Full Commission Opinion and Award, and that the 2001 Full Commission Opinion and Award specifically denied any treatment for alleged psychological condition. On July 11, 2003, the Executive Secretary filed an Administrative Order, which denied Plaintiff's 2003 Form 18M as to psychological evaluation and care.
9. On August 5, 2003, Plaintiff filed a Form 33 request for hearing, in part, on the ground that the Commission improperly denied his Form 18M application. On August 18, 2003, Defendants filed their Form 33R response to request for hearing stating, in part, that the Commission previously ruled on the issue of whether the medical and psychological treatment sought by Plaintiff is related to his compensable claim.
10. On February 12, 2004, Plaintiff filed another Form 18M for psychological evaluation and care, as well as other medical compensation. Further, Plaintiff requested a full evidentiary hearing on the denial of the 2003 Form 18M. On February 19, 2004, Defendants responded in opposition to Plaintiff's Form 18M. On May 17, 2004, the Executive Secretary filed an Administrative Order, which denied Plaintiff's 2004 Form 18M. On June 2, 2004, Plaintiff filed an Amended Form 33.
11. This claim came on for hearing before the former Deputy Commissioner Lorrie L. Dollar on October 4, 2004. Subsequent to former Deputy Commissioner Dollar's resignation, the case was reassigned to Deputy Commissioner George R. Hall, III, for determination. By Opinion and Award filed June 24, 2005, Deputy Commissioner Hall found and concluded, in part, that Plaintiff's psychological condition is related to his admittedly compensable injury of February 6, 1996, and awarded medical compensation for Plaintiff's psychological condition. Defendants appealed to the Full Commission and argued, in part, that the principles of collateral estoppel and res judicata rendered void Deputy Commissioner Hall's award of medical compensation for psychological treatment received from Dr. Harper, Dr. English and Dr. James Bellard.
12. Plaintiff has been treating with Dr. Harper and Dr. English since 1999, for injuries received in his admittedly compensable February 6, 1996 motor vehicle accident.
13. His treating physicians, including Dr. T. Craig Derian, have referred Plaintiff to Dr. Harper and Dr. English.
14. Dr. Wayne L. Harper, an expert in internal medicine, is well qualified to direct the care and treatment of Plaintiff for his chronic back and leg pain. In the opinion of Dr. Harper, Plaintiff is permanently and totally disabled from competitive employment at the present time.
15. On June 26, 2002, Dr. T. Craig Derian, an authorized treating physician, specifically referred Plaintiff to Dr. Harper for medication management of his admittedly compensable work injuries. Despite this referral, Defendants refused to authorize and pay for necessary care and treatment with Dr. Harper. *Page 6 
16. Dr. J. Thomas English is an experienced psychologist who has been treating Plaintiff since 1999, for psychological symptoms of adjustment reaction with depression secondary to his chronic pain from the admittedly compensable injury. Dr. English testified that Plaintiff's psychological condition has progressed and he now suffers from major depression with recurrent features, non-psychotic type and suicidal ideation.
17. Dr. English testified that he agreed with the note from Dr. Derian indicating that Plaintiff's need for psychological treatment was "directly related to the patient's motor vehicle accident which resulted in the symptoms requiring lumbar spinal fusion."
18. In the opinion of Dr. English, Plaintiff is permanently and totally disabled at the present time, is at increased risk of suicide, and is in need of ongoing psychological care and treatment. Dr. English is well qualified to provide and direct the psychological care of the Plaintiff.
19. On September 29, 2004, Dr. Harper referred Plaintiff to Dr. English and Dr. James Bellard, a forensic psychiatrist, for care and treatment. Defendants have not authorized this care. Defendants' basis for denial of medical compensation for Plaintiff's condition is the prior Opinion and Award of the Full Commission finding no causal relationship between his psychological condition and his admittedly compensable injury by accident on February 6, 1996.
20. Dr. T. Craig Derian, an authorized treating physician, specifically referred Plaintiff to Dr. English, stating, "The patient's psychological [condition] appears to be directly related to the patient's motor vehicle accident, which resulted in the symptoms requiring lumbar spinal fusion." Defendants have refused to authorize treatment with Dr. English and have not paid for his care and treatment of Plaintiff's psychological condition. *Page 7 
21. As a result of Plaintiff's admittedly compensable injury, chronic pain, stress, and weight gain from inactivity, Plaintiff has suffered the onset of a high blood pressure condition, caused or significantly aggravated by his injury. His high blood pressure has required, and in the future will require, medications and treatment with Dr. Harper.
22. Defendants have not provided pool therapy prescribed by Plaintiff's treating physicians, including Dr. Harper. Pool therapy is recommended to provide relief and limit Plaintiff's disability from his compensable injury.
23. Dr. Harper opined and Dr. English concurred that Plaintiff has likely reached maximum medical improvement.
24. As a result of his chronic pain and psychological symptoms, Plaintiff is permanently and totally disabled from competitive employment.
25. The medical opinions regarding Plaintiff's need for future care and treatment expressed by Dr. Harper on the Form 18M filed May 23, 2003, were repeated in his deposition.
26. Defendants do not now dispute that plaintiff's psychological condition is causally related to the compensable injury by accident. Based on the greater weight of the evidence, the Full Commission finds that Plaintiff's psychological condition, namely, major depression with recurrent features, non-psychotic type and suicidal ideation flowed directly from and was a direct and natural consequence of his compensable injury.
27. Arguably, Plaintiff prematurely brought a claim for "medical compensation" and medical treatment in 1998, for a psychological condition, which he alleged to be causally related to his admittedly compensable injury. The Full Commission's finding and conclusions in the prior Opinion and Award were based on the evidence as it existed at the time. *Page 8 
28. The Full Commission finds pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), the portion of the Full Commission's November 15, 2001 Opinion and Award denying Plaintiff's claim for depression and denying Plaintiff's motion to allow Dr. Thomas English and Dr. Wayne Harper as additional treating physicians for Plaintiff should be set aside to prevent an injustice.
29. The relevant portions of the November 15, 2001 Opinion and Award of the Full Commission states:
 [Finding of Fact] 14. The record in this matter lacks sufficient evidence to establish that plaintiff's depression, tongue, mouth and epigastric problems are related to the February 6, 1996 injury. . . .
 [Conclusion of Law] 4. Plaintiff has failed to prove by the greater weight a causal relationship between plaintiff's depression and current tongue, mouth and epigastric problems and his compensable back injury. Consequently, plaintiff is not entitled to payment by defendants for treatment of these conditions. . . .
 [Award] 2. Plaintiff's claim for depression, tongue, mouth and epigastric problems is hereby denied.
Since the former judgment relating to the compensability of Plaintiff's psychological condition and treatment should be set aside, there will no longer be a final judgment on the merits to bar Plaintiff's current claim for treatment for depression.
30. The Form 18M completed by Dr. Harper on May 23, 2003, should be approved.
31. Plaintiff's average weekly wage is $867.49, yielding a maximum compensation rate for 1996 of $492.00.
32. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground. *Page 9 
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission has the inherent power to set aside one of its former judgments. Hogan v. Cone Mills Corp., 315 N.C. 127, 137,337 S.E.2d 477, 483 (1985). "Although this power is analogous to that conferred upon the courts by [N.C. Gen. Stat. § 1A-1,] 60(b)(6), it arises from a different source. . . .[T]he Industrial Commission ha[s] by implication . . . the power to provide this remedy, a remedy related to that traditionally available at common law and equity and codified by Rule 60(b). This power inheres in the judicial power conferred on the Commission by the legislature and is necessary to enable the Commission to supervise its own judgments." Id.; see also Ward v. Wake Co, Bd. OfEduc., 166 NC. App. 726, 731, 603 S.E.2d. 896, 900 (2004) ("Thus, the `Full Commission has the inherent power, "analogous to that conferred on courts by Rule 60(b)(6)," to set aside or modify its own orders, including final orders of the [D]eputy [C]ommissioners[.]'") (citations omitted).
2. "This power includes the ability to set aside judgments even when a party has not made a motion to do so. Although `Rule 60 says that the court is to act "on motion," it does not deprive the court of the power to act in the interest of justice in an unusual case where its attention has been directed to the necessity for relief by means other than a motion.'" Jenkins v. Piedmont Aviation Services, 147 N.C. App. 419, 424,557 S.E.2d 104, 108 (2001).
3. N.C. Gen. Stat. § 1A-1, Rule 60 states:
 (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. — On motion and upon such terms as are just, the court may relieve a party or *Page 10 
his legal representative from a final judgment, order, or proceeding for the following reasons:
 (1) Mistake, inadvertence, surprise, or excusable neglect;
 (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
 (4) The judgment is void;
 (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (6) Any other reason justifying relief from the operation of the judgment.
N.C. Gen. Stat. § 1A-1, Rule 60 (2005).
4. Plaintiff has presented sufficient evidence that his psychological condition is directly related to or a direct and natural consequence of his admittedly compensable injury by accident. Accordingly, the Full Commission concludes pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), the portion of the Full Commission's November 15, 2001 Opinion and Award denying Plaintiff's claim for depression and denying Plaintiff's motion to allow Dr. Thomas English and Dr. Wayne Harper as additional treating physicians for Plaintiff should be set aside on equitable grounds to prevent an injustice. N.C. Gen. Stat. § 1A-1, Rule 60. *Page 11 
5. Since the former judgment as it relates to the compensability of Plaintiff's psychological condition and treatment has been set aside, there is no longer a final judgment on the merits to bar Plaintiff's current claim for medical treatment for depression. Hogan,315 N.C. at 142, 337 S.E.2d at 486.
6. As a result of his chronic pain and psychological condition, Plaintiff is permanently and totally disabled. N.C. Gen. Stat. § 97-29.
7. Plaintiff's average weekly wage is $867.49, yielding a maximum compensation rate for 1996, of $492.00. N.C. Gen. Stat. § 97-2(5).
8. Defendants shall continue to pay to Plaintiff ongoing permanent total disability compensation in the amount of $492.00 per week until further order of the Commission. N.C. Gen. Stat. § 97-29.
9. Plaintiff is entitled to payment by Defendants for medical treatment related to his compensable injury, including his psychological condition and high blood pressure. Dr. Derian, Dr. Harper, Dr. English and Dr. Bellard are approved as treating physicians for Plaintiff. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
10. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground. N.C. Gen. Stat. § 97-88.1.
11. The initial Form 18M filed by Plaintiff on May 23, 2003, should be approved. N.C. Gen. Stat. § 97-25.
12. Defendants are obligated to provide pool therapy prescribed by Plaintiff's authorized treating physicians. N.C. Gen. Stat. § 97-25. *Page 12 
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to Plaintiff ongoing permanent total disability compensation in the amount of $492.00 per week until further order of the Commission.
2. Defendants shall pay for all medical expenses incurred or to be incurred by Plaintiff as a result of his compensable injury when bills for the same have been submitted and approved according to procedures adopted by the Commission. This includes payment for treatment provided for Plaintiff's psychological condition since the Form 18M filed on May 23, 2003 and all necessary diagnostic studies and tests, pool therapy, and all necessary referrals to specialists, including Dr. James Bellard, Dr. T. Craig Derian, Dr. English and Dr. Harper.
3. Dr. Derian, Dr. Harper, Dr. English and Dr. Bellard are approved as Plaintiff's treating physicians and Defendants are to timely provide the care they prescribe for Plaintiff and timely make payment of all bills, prescriptions, and referrals which may be necessary in the future.
4. The initial Form 18M filed by Plaintiff on May 23, 2003, is hereby approved.
5. An attorney's fee in the amount of twenty-five percent (25%) of Plaintiff's compensation benefits is reasonable in this claim and is awarded to Plaintiff's counsel as his fee. Every fourth check shall be paid directly to Plaintiff's Counsel.
6. No attorney's fees under N.C. Gen. Stat. § 97-88.1, are appropriate to be awarded to either party in this matter.
7. Defendants shall pay the costs.
This the 15th day of May 2007.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING IN A SEPARATE OPINION:
 S/_______________ DIANNE C. SELLERS COMMISSIONER